**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donald Greer,                                    Case No.:   04-1011-CV-ADM-AJB

     Plaintiff,

                                          **AMENDED**

vs.                                              **COMPLAINT**

Elaine Chao, Secretary of the
United States Department of Labor,

     Defendant.

     Plaintiff, for his complaint against defendant, states:

### JURISDICTIONAL ALLEGATIONS

1)   This case is brought under 28 U.S.C. §§1331, 1343, and 1361, 38 U.S.C §4212, 5 U.S.C. §704 and the Viet Nam Era Veterans Readjustment Assistance Act, Pub. L. 92-540, Oct. 24, 1972, and Pub. L. 93-508, Dec. 3, 1974.

### FACTUAL ALLEGATIONS

2)   Plaintiff is a veteran of the United States Army during the Viet Nam Era and received an Honorable Discharge after serving a year in Vietnam during the Vietnam War.

3)   The United States Congress adopted the Viet Nam Era Veterans Readjustment Assistance Act of 1972, Pub. L. 92-540, Oct. 24, 1972, and the Viet Nam Era Veterans Readjustment Assistance Act of 1974, Pub. L. 93-508, Dec. 3, 1974, to protect plaintiff and other Viet Nam Era veterans from discrimination in employment.

4)   Under the Viet Nam Era Veterans Readjustment Assistance Act, employers are required to adopt an affirmative action plan and take other specified measures to assure that they do not discriminate against Viet Nam Era veterans in employment, promotion, training, job opportunities, and other employment

1

SCANNED

NOV 2 4 2004

U.S. DISTRICT COURT MPLS

matters and that they give them special consideration and preferences in training, promotion, and career development.

5) The Department of Labor is entrusted with the enforcement of the provisions of the Viet Nam Era Veterans Readjustment Assistance Act and is the only agency or other body empowered to enforce the Act.

6) The Department of Labor owes plaintiff a duty to ensure that his employer complies with the Viet Nam Era Veterans Readjustment Assistance Act.

7) Plaintiff has filed a complaint with the Department of Labor that his employer, the Eaton Corporation, a large government contractor subject to the Viet Nam Era Veterans Readjustment Assistance Act and regulations adopted for its enforcement failed to comply with and discriminated against him in his employment and in the termination of his employment as a Viet Nam Era veteran and because of his repeated requests to review the Eaton corporation's affirmative action plan for Viet Nam Era veterans.

8) After the Department of Labor undertook an investigation of plaintiff's complaint, denied it, and advised plaintiff of his right to appeal to the Secretary of Labor, plaintiff filed a timely appeal on September 25, 2003.

9) Plaintiff filed a request under the Freedom of Information Act to see his investigative file so that he could prepare a responsible and effective appeal to the Secretary of Labor.

10) Plaintiff requested that his appeal be stayed until he was provided with a copy of his investigative file and had an opportunity to review it in order to prepare a response addressing

the reasons for the denial of his appeal.

11)   On October 20, 2003, the Secretary of Labor denied plaintiff's request for a stay of his appeal and, in the same ruling, denied his appeal and advised plaintiff that he had no further right to review the decision denying his complaint.

12)   Thereafter, on November 19, 2003, the Secretary of Labor denied plaintiff's request to see the bulk of the investigative file on his complaint, allowing plaintiff to see only those portions of the file which constituted records plaintiff had generated or already had.

13)   Plaintiff subsequently filed an action against Eaton Corporation alleging violations of the Minnesota Whistleblowers Law in January, 2004, in order to toll the statute of limitations and preserve Defendant's right to bring an action to protect his employment rights.

14)   The action against Eaton Corporation was based on plaintiff's termination by Eaton Corporation, along with several other Vietnam Era veterans, in a claimed downsizing which occurred with no notice in derogation of corporate guidelines for such actions soon after plaintiff had filed his complaint against Eaton Corporation with the Department of Labor.

15)   Thereafter, on February 24, 2004, plaintiff filed the original of this action against defendant, seeking an order compelling disclosure of the investigative file concerning his complaint against Eaton Corporation, but withheld service of that action after receiving assurances from defendant that the processing of plaintiff's appeal of the withholding of the bulk of

the investigative file would be processed on an expedited basis.

16)   It was not until May 28, 2004, that plaintiff finally received a disclosure of his investigative file along with a letter noting various redactions and the grounds for them and noting the withholding of internal memoranda concerning the decision making process and stating that all other documents in the investigative file were being disclosed.  The submission, however, had gaps in the numbering indicating that some pages may have been omitted in the disclosure.

17)   After reviewing the documents plaintiff received from defendant's file of the investigation of his complaint, plaintiff has discovered that it contained no affirmative action plan under the Viet Nam Era Veterans Readjustment Assistance Act, although it contained a few documents referencing the existence of one.

18)   At this time, despite several years of effort to determine the facts before and after his termination, plaintiff does not even know whether the Eaton Corporation has ever had a legally sufficient affirmative action plan for Viet Nam Era veterans or has undertaken any steps at all to protect Viet Nam Era veterans against discrimination in accordance with the Viet Nam Era Veterans Readjustment Assistance Act.

19)   The documents plaintiff received from the file of defendant's investigation of his complaint does disclose, however, that Eaton Corporation did not appear to have taken into account any of the considerations they are legally required to take or follow any of the procedures legally required by the Viet Nam Era Veterans Readjustment Assistance Act with respect to plaintiff, nor

4

with respect to any of the other Viet Nam Era veterans dismissed by the company in connection with its claimed downsizing.

20) The facts concerning whether the Eaton Corporation has had an affirmative action plan for Viet Nam Era veterans and whether it has taken actions to protect Viet Nam Era veterans from discrimination is fundamental to the appeal of the denial of plaintiff's complaint filed with the Department of Labor.

21) The determination as to whether an affirmative action plan for Viet Nam Era veterans has been adopted by Eaton Corporation and the determination as to whether Eaton Corporation is following such a plan and meeting the other requirements of the Viet Nam Era Veterans Readjustment Assistance Act is a fundamental responsibility of defendant specifically assigned and entrusted to defendant by Congress in lieu of providing a private right of relief as a means of enforcement.

22) Congress adopted the Viet Nam Era Veterans Readjustment Assistance Act for the expressly stated reason that Viet Nam Era veterans need protection and affirmative action to enable them to function successfully in their working careers.

23) Unless defendant faithfully performs the duties assigned by Congress to enforce the Viet Nam Era Veterans Readjustment Assistance Act, the act has no meaning and Viet Nam Era veterans such as plaintiff have no recourse.

24) The materials provided plaintiff do indicate that defendant has not even attempted to perform its legal duty to enforce the Viet Nam Era Veterans Readjustment Assistance Act, has never even determined whether Eaton Corporation had an affirmative

action plan for Viet Nam Era veterans or was in any way meeting the requirements of the Viet Nam Era Veterans Readjustment Assistance Act in its employment decisions and its treatment of plaintiff and other Viet Nam Era veterans, and has permitted Eaton Corporation to violate all its legal duties required by the Viet Nam Era Veterans Readjustment Assistance Act.

25)   A measure of defendant's indifference to its enforcement responsibilities is its failure to rule on plaintiff's complaints of retaliation.  Another is the allegation of Eaton Corporation, in separate litigation, that it was not even notified of plaintiff's original complaint to defendant that Eaton Corporation was not in compliance with the Act until January 11, 2002, although plaintiff filed that complaint with defendant in October, 2001.

26)   Defendant has deprived plaintiff of any means of prosecuting his appeal of defendant's decision to take no action to protect plaintiff and has thereby rendered his right to appeal a sham.

27)   Defendant has wholly failed to meet its responsibilities entrusted by Congress to enforce the Viet Nam Era Veterans Readjustment Assistance Act.

28)   Defendant's actions are arbitray, capricious, and without any basis in law.

29)   Defendant's actions have denied plaintiff his right to due process of law to protect the rights granted him by Act of Congress.

30)   Unless defendant discharges the responsibility to conduct a full, fair, and thorough investigation and afford plaintiff a

CASE 0:04-cv-01011-ADM-JSM   Doc. 7   Filed 11/24/04   Page 7 of 8

fair opportunity for review of that investigation in accordance with the requirements of due process and its obligations under the Viet Nam Era Veterans Readjustment Assistance Act and the regulations adopted to enforce that act, plaintiff has no means of protecting his liberty interest in his employment rights protected by Act of Congress.

31)   Plaintiff has been irreparably injured by the wrongful actions of the U.S. Department of Labor.

32)   Plaintiff has no adequate remedy at law.

33)   The obligations to protect plaintiff's constitutional right of due process and his liberty interest in the employment protections afforded him by Act of Congress outweigh any public interest or burden associated with the U.S. Department of Labor.

34) Plaintiff is entitled to a writ in the nature of mandamus ordering defendant to reopen the appeal of the denial of his complaint and directing defendant to provide plaintiff with a reasonable period of time to file an amended appeal after review of the investigative file now provided and with the opportunity for a hearing on appeal as required by due process.


WHEREFORE, plaintiff prays for an order of this Court issuing a writ in the nature of mandamus ordering the Secretary of the U.S. Department of Labor to reopen the appeal of the denial of plaintiff's complaint and directing the Secretary of Labor to provide plaintiff with the opportunity to submit an amended appeal and appear at a hearing on his appeal.

Date: July 19, 2004

/s/ Edward A. Zimmerman
Edward A. Zimmerman, MN Atty # 120066
The Business Lawyers
201 West Travelers Trail, Suite 11
Burnsville, Minnesota 55337
(952) 925-2500
Attorney for Plaintiff

/s/ Donald Greer
Donald Greer

STATE OF MINNESOTA     )
COUNTY OF SCOTT        )   ss.


    Donald Greer, being first duly sworn, states on oath that he is the plaintiff in the above-entitled action, that he has read the foregoing complaint in its entirety, and that the facts alleged in the foregoing complaint are true and correct of his own knowledge and belief.

/s/ Donald Greer
Donald Greer

    Subscribed and sworn on oath before me this 23rd day of July, 2004, by Donald Greer, known to me.

/s/ Neva Wensmann
Notary Public