## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Donald Greer,

                Plaintiff,

      v.

Elaine Chao, Secretary of the United
States Department of Labor,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 04-1011 ADM/JSM

---

Edward A. Zimmerman, Esq., The Business Lawyers, Burnsville, MN, argued for and on behalf of Plaintiff.

Mary Jo Madigan, Esq., Assistant United States Attorney, Minneapolis, MN, argued for and on behalf of Defendant.

---

## I. INTRODUCTION

On January 25, 2006, oral argument before the undersigned United States District Judge was heard on Plaintiff Donald Greer's ("Plaintiff" or "Greer") Motion for Summary Judgment [Docket No. 27] and Defendant Elaine Chao's ("Defendant") Motion for Dismissal/Summary Judgment [Docket No. 29]. In his Amended Complaint ("Complaint") [Docket No. 7], Plaintiff seeks a writ of mandamus directing the Defendant to reopen the denial of his complaint to the Department of Labor ("DOL") alleging violations of the Vietnam Era Veterans Readjustment Assistance Act of 1974 ("VEVRAA"). Because Plaintiff has failed to proffer evidence in support of his allegations, Plaintiff's Motion is denied and Defendant's Motion is granted. Additionally, Defendant's Motion to Strike [Docket No. 36] is granted.

## II. BACKGROUND

On November 10, 2001, Plaintiff filed a complaint with the Office of Federal Contract

Compliance Programs ("OFCCP") of the DOL. Plaintiff complained that his employer, Eaton Corporation ("Eaton"), was not complying with the requirements of VEVRAA. Eaton terminated Plaintiff in January 2002, prompting him to amend his complaint to allege that in addition to the arguments previously advanced, Eaton terminated Plaintiff in violation of VEVRAA. On March 12, 2003, OFCCP issued an initial decision denying Plaintiff's complaints. The final OFCCP determination was received by Plaintiff on September 5, 2003. Plaintiff administratively appealed this decision. The OFCCP denied Plaintiff's administrative appeal on October 10, 2003.

Plaintiff then commenced the instant action, arguing that the absence of material in the administrative record concerning several of Plaintiff's complaints evidences Defendant's failure to adequately conduct a full and fair investigation of his complaints. Specifically, Plaintiff alleges that a number of his complaints were not investigated, and relies as evidence on a working paper compiled by OFCCP investigator Rodney Hawkins, which allegedly shows that: (1) Eaton was not providing managers and supervisors with training regarding VEVRAA requirements; (2) Eaton did not evaluate its managers and supervisors on the basis of their application of VEVRAA; (3) Eaton did not provide employee training on VEVRAA; (4) Eaton's affirmative action plan did not meet VEVRAA requirements; (5) Eaton did not review its policies and procedures or individual employee's records to determine if VEVRAA requirements were being implemented; and (6) Eaton did not list or post all openings in all fifty states. Additionally, Plaintiff claims the working paper identified two VEVRAA violations. First, it includes instances in which Eaton failed to post job openings. Second, it includes an admission that the Plaintiff was denied access to Eaton's VEVRAA affirmative action plan.

2

Plaintiff now appeals the final decision and the denial of his administrative appeal by the

OFCCP.  Plaintiff additionally requests a holding that the Defendant applied the wrong standard

of law in deciding whether Eaton violated VEVRAA; that the Court consider application of

additional evidence of admissions by key employees of Eaton; and also that the Court hear

testimony of the investigators and decision makers of OFCCP to determine whether Plaintiff's

complaints were fully investigated.

### III. DISCUSSION

**A.   Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec.

Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion

for summary judgment, the Court views the evidence in the light most favorable to the

nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  The nonmoving party

may not "rest on mere allegations or denials, but must demonstrate on the record the existence of

specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953,

957 (8th Cir. 1995).

**B.   Jurisdiction**

As a threshold matter, Defendant argues that this Court is without jurisdiction to hear

Plaintiff's claims.  Plaintiff contends that jurisdiction to review the Defendant's enforcement

decision is conferred by 28 U.S.C. §§ 1331, 1343, and 1361.  These statutes grant jurisdiction to

district courts to hear cases based on questions of federal law, civil rights actions, and actions in

the nature of mandamus to compel officers or employees of the United States to do required acts.

Defendant relies on the Supreme Court's decision in Heckler v. Chaney, which held that "an

agency's decision not to prosecute or enforce, whether through civil or criminal process, is a

decision generally committed to an agency's absolute discretion . . . . This recognition of the

existence of discretion is attributable in no small part to the general unsuitability for judicial

review of agency decisions to refuse enforcement."  470 U.S. 821, 831 (1985) (citations

omitted); see also Ngure v. Ashcroft, 367 F.3d 975, 982 (8th Cir. 2004).

> An agency generally cannot act against each technical violation of the statute it is
> charged with enforcing.  The agency is far better equipped than the courts to deal with
> the many variables involved in the proper ordering of its priorities.  Similar concerns
> animate the principles of administrative law that courts generally will defer to an
> agency's construction of the statute it is charged with implementing, and to the
> procedures it adopts for implementing that statute.

Heckler, 470 U.S. at 831-32.  Based on Heckler, Defendant argues this Court has no jurisdiction

to review Defendant's enforcement decision, as the decision not to take action falls within

Defendant's discretion.

Plaintiff counters Defendant's argument by stating that he is not seeking the relief

Defendant claims.  Plaintiff avers that he is not seeking review of Defendant's decision, but

rather alleges that Defendant never actually investigated his complaints.  Therefore, he is

requesting not a review of Defendant's decision, but instead an order compelling Defendant to

investigate and rule on his complaints.  Plaintiff cites case and statutory law in support of the

proposition that this Court has the authority to require Defendant to investigate and rule on

complaints in certain circumstances.  The decision in Giacobbi v. Biermann essentially sets forth

4

Plaintiff's argument.  780 F.Supp. 33 (D.D.C. 1992).  In <u>Giacobbi</u>, plaintiff sought relief from the Department of Labor, arguing that his complaints were not investigated and ruled upon promptly by the DOL.  <u>Id.</u> at 36.  In deciding that the Department of Labor had a duty to conduct a reasonable investigation of plaintiff's complaints, the <u>Giacobbi</u> court found that the statute required that "'The Department [of Labor] shall promptly investigate [complaints filed with it under this section] and shall take such action thereon as the facts and circumstances warrant . . . .'"  <u>Id.</u> at 37, <u>quoting</u> 29 U.S.C. § 793 (b).  The court held that this statutory language is sufficiently broad to require an agency to perform a reasonable investigation.  <u>Id.</u> at 38.  In other words, an agency can not reasonably "open an investigation file, and then sit on the matter, for years if not decades, only to close the file and take no action."  <u>Id.</u>  Ultimately, the court concluded that:

> [T]he ultimate decision whether to take enforcement action is left to the agency; here, however, there is a prerequisite to the agency's making that decision--an investigation. While the Court acknowledges that the statute does leave the agency considerable discretion to conduct the investigation in the manner it sees as appropriate, the statute does require that an investigation be undertaken promptly, be completed in a reasonable amount of time, and not be so cursory as to be a sham.

<u>Id.</u>

Although Defendant attempts to distinguish <u>Giacobbi</u> on factual grounds, its reasoning and interpretation of 29 U.S.C. § 793(b) is persuasive.  The holding that a district court can require an agency to perform an investigation and render a decision does not disturb the Supreme Court's holding in <u>Heckler</u> that an agency decision not to enforce is committed to that agency's discretion.  Rather, it suggests a district court has the power to order an agency to make a decision.  Therefore, to the extent that Plaintiff's Complaint seeks review of the substance of Defendant's decision, this Court lacks jurisdiction.  However, the Court does find that it has

jurisdiction to review Plaintiff's claims to the extent that he seeks review of whether Defendant actually conducted an investigation of his complaints.

**C.     Motion to Strike**

Before Plaintiff's claims can be examined, however, Defendant's Motion to Strike must be addressed.  Specifically, Defendant moves to strike Plaintiff's Affidavit of Counsel in Opposition to Defendant's Summary Judgment Motion ("Affidavit").  On November 17, 2005, Plaintiff filed his Motion for Summary Judgment, followed on December 12, 2005 by his Memorandum of Law in Support of Motion for Summary Judgment ("Memorandum") [Docket No. 32].  The Memorandum repeatedly refers to the "Affidavit of Counsel;" however, no affidavit or supporting exhibits were filed contemporaneously with the Memorandum.  On January 5, 2006, Plaintiff filed his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment [Docket No. 34].  Plaintiff did not file any affidavits in support of the brief.  On January 16, 2006, Plaintiff finally served a copy of the Affidavit of Counsel on Defendant.  At oral argument, Plaintiff provided a copy of the Affidavit to the Court.  However, the Affidavit was never filed with the Court.  Plaintiff's counsel apologized that the Affidavit had not been timely filed, citing technical difficulties and a vacation as the reasons for the delay.

Federal Rule of Civil Procedure 6(d) states that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion."  Rule 56(c) further states that, in relation to motions for summary judgment, "[t]he adverse party prior to the day of hearing may serve opposing affidavits."  Fed. Rule Civ. P. 56(c).  Finally, Local Rule 7.1(b)(1) requires affidavits and exhibits accompanying dispositive motions to be filed 45 days in advance of oral argument, and Local Rule 7.1(b)(2) requires affidavits and exhibits supporting responsive memoranda to be

filed 20 days prior to oral argument.

The Court is reluctant to grant motions to strike in cases where, due to technical malfunction or excusable neglect, a brief, affidavit, or exhibit is filed shortly after established due dates.  Here, however, not only was the Affidavit not filed at all, but it was not served on Defendant until nine days before oral argument, well beyond the time periods set forth by the Federal Rules of Civil Procedure and Local Rules.  Nor is this a case where Plaintiff's counsel attempted to mitigate his difficulties with electronic filing by immediately notifying opposing counsel and the Court of his issues and serving copies manually in a timely fashion.  Rather, Plaintiff's counsel did not notify anyone of his technical difficulties, and finally served, but did not file, the Affidavit far outside the time boundaries imposed upon him by the Federal Rules of Civil Procedure and the Local Rules.  If these rules are to have any meaningful significance, they must be applied in this case.  As a result, Defendant's Motion to Strike is granted, and the Affidavit and accompanying exhibits will not be considered.

## D.    Merits of Plaintiff's Case

As previously explained, the Court is without jurisdiction to review the propriety of Defendant's decision not to enforce.  It does retain jurisdiction to examine whether Defendant conducted an investigation of Plaintiff's complaints.  However, all of Plaintiff's allegations set forth in his Memorandum are without evidentiary support.  Plaintiff filed no affidavit in support of his Motion for Summary Judgment which may be considered.  As a result, Plaintiff is left to rely on his allegations in support of his Motion.  It is axiomatic, of course, that the nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik, 47 F.3d at 957.

Because Plaintiff has proffered no evidence to support his allegations, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Plaintiff Donald Greer's Motion for Summary Judgment [Docket No. 27] is **DENIED**;

2.     Defendant Elaine Chao's Motion for Dismissal/Summary Judgment [Docket No. 29] is **GRANTED**; and

3.     Defendant Elaine Chao's Motion to Strike [Docket No. 36] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                                          BY THE COURT:


                                                          _____s/Ann D. Montgomery_____
                                                          ANN D. MONTGOMERY
                                                          U.S. DISTRICT JUDGE

Dated:  March 27, 2006.